**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-10-0000107**
**20-APR-2012**
**09:07 AM**

NO. CAAP-10-0000107

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
EDWARD KAEKOA MANOA, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 10-1-0114(1))


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Edward Kaekoa Manoa (Manoa) appeals from the amended judgment entered on December 1, 2010 by the Circuit Court of the Second Circuit (circuit court)[1] convicting him of Assault in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 707-711(1)(b) (Supp. 2011).

On appeal, Manoa's point of error challenges the charge by Plaintiff-Appellee State of Hawai'i (State) for Assault in the Second Degree, asserting the charge was:

> fatally insufficient because it failed to allege the essential element that Mr. Manoa caused a major avulsion, laceration, or penetration of the skin; a burn of at least second degree severity; a bone fracture; a serious concussion; or tearing, rupture, or corrosive damage to the esophagus, viscera, or other internal organs and/or caused bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

---

[1] The Honorable Joel E. August presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised therein, as well as the relevant statutory and case law, we resolve Manoa's point of error as follows.

"Whether a charge sets forth all the essential elements of a charged offense is a question of law, which we review under the de novo, or right/wrong, standard." State v. Mita, 124 Hawai'i 385, 389, 245 P.3d 458, 462 (2010) (citation omitted) (internal quotation marks, brackets, and ellipsis omitted).

Manoa was charged with the offense of Assault in the Second Degree pursuant to HRS § 707-711(1)(b), which states:

> §707-711 Assault in the second degree. (1) A person commits the offense of assault in the second degree if:
>
> . . .
>
> (b) The person recklessly causes serious or substantial bodily injury to another[.]

The Felony Information filed against Manoa stated in relevant part:

> That on or about the 28th day of June, 2009, in the County of Maui, State of Hawaii, WILLIAM KAWIKA MANOA SR., and/or WILLIAM KAIEWA MANOA, and/or EDWARD KAEKOA MANOA, as principals and/or accomplices, did recklessly cause serious or substantial bodily injury to Kaimi Konaaihele, thereby committing the offense of Assault in the Second Degree in violation of Sections 707-711(1)(b) of the Hawaii Revised Statutes.

In this case, the charge against Manoa tracked the language of the statute setting forth the offense, and the charge contained all of the essential elements for the offense because the phrase "serious or substantial bodily injury" did not create any additional elements. See State v. Wheeler, 121 Hawai'i 383, 219 P.3d 1170 (2009); Mita, 124 Hawai'i at 391, 245 P.3d at 464. Moreover, the definitions of "serious bodily injury"[2] and

---

[2] "Serious bodily injury" is defined as follows:

> "Serious bodily injury" means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

HRS § 707-700 (1993 Repl.).

2

"substantial bodily injury"[3] are consistent with their commonly understood meaning. See Mita, 124 Hawai'i at 392-93, 245 P.3d at 465-66.

In Mita, the Hawai'i Supreme Court held that there were two significant factors in that case that distinguished it from Wheeler. First, the definition of "animal nuisance" at issue in Mita "[did] not create an additional essential element of the offense[.]" 124 Hawai'i at 391, 245 P.3d at 464. Second, "in any event, the definition of 'animal nuisance' [was] consistent with its commonly understood meaning and therefore Mita had fair notice of the offense charged." Id. The Mita court further explained:

> Wheeler does not require that the State provide statutory definitions in every charge which tracks the language of a statute that includes terms defined elsewhere in the code. Requiring the State to do so would render charges unduly complex, in contravention of the policy reflected in HRPP Rule 7(d) that "[t]he charge shall be a plain, concise and definite statement of the essential facts constituting the offense charged." Rather, as this court concluded in Wheeler, the State need only allege the statutory definition of a term when it creates an additional essential element of the offense, and the term itself does not provide a person of common understanding with fair notice of that element. See Wheeler, 121 Hawai'i at 393, 219 P.3d at 1180 ("In general, '[w]here the statute sets forth with reasonable clarity all essential elements of the crime intended to be punished, and fully defines the offense in unmistakable terms readily comprehensible to persons of common understanding, a charge drawn in the language of the statute is sufficient.'") (citations omitted) (brackets in original).

124 Hawai'i at 391-92, 245 P.3d at 464-65.

Because the Felony Information in this case tracked the language of the statute and set forth all of the essential

---

[3] "Substantial bodily injury" is defined as follows:

> "Substantial bodily injury" means bodily injury which causes:
> (1) A major avulsion, laceration, or penetration of the skin;
> (2) A burn of at least second degree severity;
> (3) A bone fracture;
> (4) A serious concussion; or
> (5) A tearing, rupture, or corrosive damage to the esophagus, viscera, or other internal organs.

HRS § 707-700 (Supp. 2011).

elements of the offense, it was sufficient.  Further, "serious bodily injury" and "substantial bodily injury" are defined in a manner consistent with their commonly understood meaning.  Manoa was thus adequately apprised of the charge against him.

THEREFORE, the amended judgment of the circuit court entered on December 1, 2010 is affirmed.

DATED:  Honolulu, Hawai'i, April 20, 2012.

On the briefs:

Joseph C. Rome
(Ison and Rome, L.L.C.)
for Appellant

Richard Minatoya
Deputy Prosecuting Attorney
County of Maui
for Appellee

Presiding Judge

Associate Judge

Associate Judge